Order, Supreme Court, New York County (Paul Wooten, J.), entered January 27, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion with respect to the causes of action for trespass and unjust enrichment, and otherwise affirmed, without costs.
Defendants’ submissions show that the western wall of defendant Chelsea’s building was leased to a nonparty for the purpose of posting an advertising sign, which protruded into plaintiffs airspace without plaintiff’s consent or permission. While the encroachment of the four-inch bolts and the advertising sign is small, it remains a trespass where defendants are liable for the use of plaintiffs property rights (cf. Sakele Bros, v Safdie, 302 AD2d 20, 27 [1st Dept 2002]; Salesian Socy. v Village of Ellenville, 121 AD2d 823, 824 [3d Dept 1986]). We reject defendants’ contention that dismissal of the trespass claim was warranted because the encroachment of four inches was minimal. An invasion of another’s property or airspace need not be more than de minimis in order to constitute a trespass (cf. Hoffmann Invs. Corp. v Yuval, 33 AD3d 511, 512 [1st Dept 2006]; Wing Ming Props. [U.S.A.] v Mott Operating Corp., 172 AD2d 301 [1st Dept 1991], affd 79 NY2d 1021 [1992]).
The motion court properly dismissed the portion of plaintiffs claim based on the temporary use of airspace to hang scaffolding while installing signs in the past as de minimis. Defendants could have sought a license for the use of airspace during the installation of each sign (see RPAPL 881). At that time, if appropriate, plaintiff could have requested injunctive relief. Notwithstanding, the relief of an injunction is a drastic remedy “granted [only] in a clear case, reasonably free from doubt” (116 E. 57th St, Inc. v Gould, 273 App Div 1000, 1000 [1st Dept 1948], lv denied 274 App Div 782 [1948]), and plaintiff has not asserted damage to its property interest that required injunctive relief.
Issues of fact exist as to plaintiffs unjust enrichment claim since plaintiff alleged that defendants earned income through the use of its airspace rights, for which it should be compensated. Moreover, defendants have not shown that the unjust enrichment claim is time-barred. The lease defendants submitted in support of their motion shows that plaintiff commenced the action well within the six-year statute of limitations (see CPLR *511 213 [1]). Further, defendants have not submitted any other leases or evidence showing that the claim is time-barred.
Concur—Tom, J.E, Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.